IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM ANDERSON                                                                    PLAINTIFF

vs.                                                    CIVIL ACTION NO.  1:24cv178 HSO-BWR

LIBERTY MUTUAL INSURANCE
COMPANY and SAFECO INSURANCE
COMPANY OF ILLINOIS                                                             DEFENDANTS

### NOTICE OF REMOVAL

Defendants Liberty Mutual Insurance Company ("Liberty") and Safeco Insurance Company of Illinois ("Safeco"), hereinafter jointly referred to as "Defendants," hereby file their Notice of Removal, removing this action from the Circuit Court of Jackson County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. In support thereof, Defendants would show as follows:

1.      This is a civil action filed by William Anderson against Liberty and Safeco in the Circuit Court of Jackson County, Mississippi, bearing civil action no. 24-cv-71(CT). The Plaintiff served both Liberty and Safeco with process on May 14, 2024, and this case first became removable to this Court at that time. **(See Exhibits A and B attached hereto.)**

2.      This action filed by the Plaintiff against Defendants is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Although the Plaintiff does not specify a total demand in his Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendant under Mississippi law that the amount in controversy exceeds the amount required for diversity jurisdiction. The Plaintiff alleges that the Defendants wrongfully and in bad faith refused to

reimburse him under his auto policy for certain repairs required to his vehicle after he put gasoline in a diesel tank. The Complaint specifically alleges that the cost of the repairs was $17,586.86. The Plaintiff's alleged actual damages, together with his claim for "punitive damages and other damages," is sufficient to satisfy the amount in controversy requirement for diversity jurisdiction. *See Burns v. Allstate Insurance Company,* 2019 13199590 (S.D. Miss. August 12, 2019)(J. Jordan)*; Allstate Ins. Co. v. Simpson,* 2018 WL 4054331, at *4 (S.D. Miss. August 24, 2018)(J. Ozerden), citing *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322, at *3 (S.D. Miss. Jan. 13, 2016)(J. Bramlette)(holding that the requisite $75,000.00 jurisdictional amount compared to a potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the "single digit ratio" which the Supreme Court suggests complies with due process)(citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *White v. Allstate Ins. Co.*, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018)(J. Ozerden)(finding defendant met its burden of demonstrating jurisdictional amount in controversy because "[a]n award of [punitive] damages in a 'single digit ratio' to the requested $25,000.00 in compensatory damages could easily exceed the $75,000.00 jurisdictional minimum"); *Steilberg v. Bradley,* 2016 WL 1455454 (S.D. Miss. April 12, 2016)("undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000")(quoting *Holmes v Citifancial Mortg. Co.*, 436 F.Supp.2d 829,832 (S.D. Miss. Mar. 29, 2011); *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. March 29, 2011)(J. Starrett)(holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. Dec. 2, 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); *Easterling v. Glaxo Welcome, Inc.*, 2006 WL 1272680, at *3 (S.D. Miss. May 9, 2006)(J. Lee)(same);

*Brasell v. UnumProvident Corp.*, 2001 WL 1530342, at *2 (N.D.Miss. Oct. 25, 2001)(J. Davidson)(citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993)); *Chambley v. Employers Ins. of Wausau*, 11 F. Supp.2d 693, 695 (S.D. Miss. 1998)(J. Barbour)("Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits."); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.")(citing *Bell v Preferred Life Assurance Society*, 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943). In our case, the requisite $75,000.00 jurisdictional amount compared to a potential $17,585.86 compensatory award is less than a 5 to 1 ratio.

    3.    This action involves a controversy between citizens of different states:

    (a)    Plaintiff, William Anderson, is a citizen of the State of Mississippi.

    (b)    Defendant Safeco Insurance Company of Illinois is a corporation created and existing under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts.

    (c)    Defendant Liberty Mutual Insurance Company is a corporation created and existing under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.

    (d)    Diversity of citizenship existed between Plaintiff Anderson and the Defendants at the time this case was commenced by the Plaintiff, at the time of service of process on Defendants, and at the time of this removal.

    4.    The civil action filed by the Plaintiff in the Circuit Court of Jackson County, Mississippi, is one of which the District Courts of the United States have original jurisdiction

pursuant to 28 U.S.C. §1332. Therefore, this action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441.

5. The United States District Court for the Southern District of Mississippi and the Southern Division of said Court are the District and Division embracing the place wherein the aforesaid state court action is pending.

6. This Notice of Removal is being filed pursuant to 28 U.S.C. §1446(b) within thirty days of the date the Complaint was served upon Defendants. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit A** and **Exhibit B** is a true and correct copy of all process, pleadings, and orders served on Defendants from which it may be determined that this case is one which is or has become removable to this Court in full compliance with the laws of the United States. Pursuant to L.U.Civ.R. 5(b), attached hereto as **Exhibit C** is a true, correct, and complete copy of the entire state court file as of the date of this filing.

7. Defendants will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Clerk of the Circuit Court of Jackson County, Mississippi, as required by 28 U.S.C. §1446(e).

WHEREFORE, Defendants, Liberty Mutual Insurance Company and Safeco Insurance Company of Illinois, request this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Jackson County, Mississippi, be hereby stayed.

This the 12th day of June 2024.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE
COMPANY and SAFECO INSURANCE
COMPANY OF ILLINOIS

By:    */s/ Ford Bailey*
        Clifford K. (Ford) Bailey, III (MSB #1686)
        Their Attorney

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
fbailey@wellsmarble.com

### CERTIFICATE OF SERVICE

I, Clifford K. (Ford) Bailey, III, do hereby certify that this Notice of Removal is being served electronically on counsel for the Plaintiff and the Circuit Clerk of Jackson County, Mississippi, as follows:

Jon-Marc King, Esq.      (via MEC and ECF)
PICKARD LAW FIRM, PLLC
Post Office Box 310
Hazlehurst, MS 39083
marc@thepickardlawfirm.com

ATTORNEY FOR PLAINTIFF

Randy Carney, Clerk      (via MEC)
Jackson County Circuit Court
P.O. Box 998
Pascagoula, MS 39568-0998

CIRCUIT CLERK OF JACKSON COUNTY

This the 12th day of June 2024.

                  */s/Ford Bailey*
                  Clifford K. (Ford) Bailey, III